NO. 07-07-0198-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 30, 2007



______________________________




JUAN DANIEL MORALES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;



NO. CR-061-107; HONORABLE H. BRYAN POFF, JR., JUDGE



_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Following pleas of guilty, Appellant, Juan Daniel Morales, was convicted of one
count of aggravated sexual assault and one count of sexual assault and sentenced to
twenty years confinement. The Trial Court's Certification of Defendant's Right to Appeal
reflects that Appellant agreed to a plea bargain and has no right of appeal. The
certification further reflects that Appellant has waived his right of appeal. The trial court
imposed Appellant's sentence on March 23, 2007. No motion for new trial was filed. On
May 14, 2007, Appellant, proceeding pro se, filed a "Motion for Notice of Appeal." We
dismiss for want of jurisdiction.

 This Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). Where, as
here, no motion for new trial was filed, the notice was due within thirty days after the date
sentence was imposed. Tex. R. App. P. 26.2(a)(1). Absent a timely filed notice of appeal,
a court of appeals does not obtain jurisdiction to address the merits of the appeal in a
criminal case and can take no action other than to dismiss the appeal for want of
jurisdiction. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). 

 The trial court imposed Appellant's sentence on March 23, 2007, setting the
deadline in which to file a notice of appeal at Monday, April 23, 2007. (1) The Texas Rules
of Appellate Procedure provide a fifteen day extension in which to file a notice of appeal. 
Tex. R. App. P. 26.3. However, Appellant's notice, which was filed on May 14, 2007, also
failed to meet that deadline. Rule 2 of the Texas Rules of Appellate Procedure, which
authorizes this Court to suspend the operation of a rule for good cause, does not permit
the suspension of the time limit for perfecting an appeal. Slaton, 981 S.W.2d at 209-10.

 Consequently, this purported appeal is dismissed for want of jurisdiction.


 Patrick A. Pirtle

 Justice

 



Do not publish.
1. The thirtieth day fell on Sunday, April 22, 2007, but was extended to the following
day pursuant to Rule 4.1(a) of the Texas Rules of Appellate Procedure.



 we must dismiss the appeal. Accordingly, having given the
required notice, and without expressing any opinion on the merits of Brown's attempted
appeal from the dismissal of Vance's suit, we dismiss the appeal for want of jurisdiction. 
Tex. R. App. P. 42.3.

 

 James T. Campbell

 Justice



1. Brown's notice of appeal also made reference to the later proceeding, cause
number 72, 293, also in the County Court at Law No. 2 of Potter County, in which an order
terminating his parental rights was entered on August 30, 2006. His appeal of that order
is pending in this court as No. 07-06-0371-CV.